Raul A. CASILLA, Plaintiff–Appellant,

v.

PHILIP & JACK HIRTH MANAGEMENT, Sheila Hirth, Defendants–Appellees.

No. 13–3309–cv.

United States Court of Appeals, Second Circuit.

April 24, 2014.

maining state law claims.

Raul Casilla, Bronx, NY, pro se.

John W. Egan, Seyfarth Shaw LLP, New York, NY, for Defendants–Appellees.

PRESENT: ROBERT A. KATZMANN, Chief Judge, JOHN M. WALKER, JR., and CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Raul Casilla, proceeding *pro se*, appeals from an August 6, 2013 judgment of the United States District Court for the Southern District of New York (Nathan, *J.*), granting the defendants' motion to dismiss Mr. Casilla's employment discrimination claims as subject to mandatory arbitration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a determination of whether parties have contractually bound themselves to arbitrate a dispute. *Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.*, 189 F.3d 289, 295 (2d Cir.1999). However, "the findings upon which that conclusion is based are factual and thus may not be overturned unless clearly erroneous." *Id.* "[W]e review *de novo* the agreement's interpretation and scope." *Id.*

Independent review of the record and case law reveals that the district court properly found that Mr. Casilla's discrimination claims were subject to arbitration because the collective-bargaining agreement governing Mr. Casilla's employment includes a valid arbitration clause that requires arbitration of Mr. Casilla's statutory discrimination claims, and such claims are arbitrable. *See JLM Indus., Inc. v. Stolt–Nielsen S.A.*, 387 F.3d 163, 169 (2d Cir. 2004) (setting out the standard for whether a claim is subject to arbitration); *Desider-*

*io v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 204–06 (2d Cir.1999) (finding Title VII claims to be arbitrable). To the extent that Mr. Casilla argues on appeal that he should not be required to arbitrate his discrimination claims because his union refused to represent him, he failed to raise this argument below, even though it was available to him, and so this contention is waived. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir.2008) (per curiam).

We have considered Mr. Casilla's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.